UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01276-FWS-MAR                               Date: November 17, 2023
Title: Wilfred Stewart v. United States *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE AND STRIKING PROOF OF SERVICE [24]**

    Plaintiff initiated this action on February 24, 2022, asserting a single claim for negligence pursuant to the Federal Tort Claims Act ("FTCA"), U.S.C. §§ 28 U.S.C. §§ 1346, 2671-80. (*See generally* Dkt. 1.)  On April 20, 2022, the case was reassigned to this court.  (Dkt. 7.)  On June 21, 2022, the court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution because Plaintiff had not filed proof of service of the summons and complaint.  (Dkt. 10.)  Plaintiff did not file any response to the Order to Show Cause.  (*See generally* Dkt.)  Accordingly, on July 1, 2022, the court dismissed Plaintiff's action without prejudice for failure to prosecute and comply with the orders of the court.  (Dkt. 11.)

    Seven months later, on February 22, 2023, Plaintiff filed an *ex parte* application, requesting relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60(b)(1).  (*See generally* Dkt. 13.)  The court denied Plaintiff's *ex parte* application on March 1, 2023, because Plaintiff did not adequately demonstrate that his case would be irreparably prejudiced if the underlying motion was heard according to regular noticed procedures or that Plaintiff was without fault in creating the crisis requiring *ex parte* relief.  (*Id.* at 4-5.)  Two months later, on May 12, 2023, Plaintiff filed a motion to set aside dismissal of action and to extend time ("Motion to Set Aside").  (Dkt. 16.)  The court held a hearing on the Motion to Set Aside on June 15, 2023.  (Dkt. 17.)  On October 6, 2023, the court granted the Motion to Set Aside and ordered Plaintiff to "re-serve Defendants with: (1) the summons and Complaint in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01276-FWS-MAR                                      Date: November 17, 2023
Title: Wilfred Stewart v. United States *et al.*

accordance with Federal Rule of Civil Procedure 4(m); and (2) a copy of this Order by November 3, 2023." **(**Dkt. 18.**)**

On November 1, 2023, Plaintiff's counsel filed a "Declaration re Status of POS," which states:

> Over the last several days I have attempted to serve this lawsuit on the Defendant United States of America.  However, service has not been accomplished as ordered by the Court.  Today I learned that due to deficiencies in the format of Plaintiff's initial filing in February of 2022, even though a Case Number was assigned to the matter, a Summons was not issued by the Clerk, therefore the defendant United States has refused to accept service of the Summons and Complaint.  I am now in possession of the Clerk's Notice to Filer of Deficiencies in Attorney Case Opening and I am correcting the deficiencies. By the end of this week, I will refile the Attorney Case Opening documents in proper format, and I anticipate that a Summons will be issued immediately thereafter, and I will thereupon serve the Summons and Complaint on the defendants forthwith.  I will cause Proofs of Service to be filed immediately thereafter.

(Dkt. 19 at 2.)

On November 7, 2023, Plaintiff filed a "Proof of Service of Summons and Complaint." (Dkt. 24.)  On November 13, 2023, the Clerk of Court issued a "Notice to Filer of Deficiencies in Electronically Filed Document."  (Dkt. 25.)  The Notice of Deficiencies identified three errors with Plaintiff's November 7, 2023, Proof of Service, including: (1) incorrect event selected; (2) incorrect statute prompt of FRCP 5(b)(2)(D); and (3) missing name and capacity of person authorized to accept service on behalf of the United States.  (*Id.*)  Plaintiff has not filed any response to the Notice of Deficiencies.  (*See generally* Dkt.)

Accordingly, the court **STRIKES** Plaintiff's Proof of Service [24] due to the errors identified in the Notice of Deficiencies.  In addition, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this case should not be dismissed for failure to comply with court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01276-FWS-MAR                                              Date: November 17, 2023
Title: Wilfred Stewart v. United States *et al.*

orders and prosecute this action, including by filing adequate proof of service, by **December 1, 2023**. Plaintiff may discharge the Order to Show Cause by filing a proof of service that corrects the errors identified in the Notice of Deficiencies. Failure to comply with the court's order will result in dismissal. *See* Fed. R. Civ. P. 41(b); L. R. 41-6; *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

    **IT IS SO ORDERED.**

                                                Initials of Deputy Clerk:  mku